**KILPATRICK TOWNSEND & STOCKTON LLP**
Barry M. Benjamin (Attorney ID: 044001993)
The Grace Building
1114 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 775-8783
Facsimile:  (212) 775-8816
*bbenjamin@kilpatricktownsend.com*

**AMSTER, ROTHSTEIN & EBENSTEIN LLP**
Douglas A. Miro *pro hac vice application forthcoming*
Holly Pekowsky  *pro hac vice application forthcoming*
90 Park Avenue
New York, New York  10016
Telephone:  (212) 336-8000
Facsimile:  (212) 336-8001
*dmiro@arelaw.com*
*hpekowsky@arelaw.com*

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

– – – – – – – – – – – – – – – – – – – – –x
TRINITAS REGIONAL MEDICAL CENTER,      :
                                       :
                            Plaintiff, :   Case No. _____
                                       :
            v.                         :   **COMPLAINT**
                                       :
TRINITAS PHARMACY LLC AND 105          :
PROPERTIES LLC,                        :   **Jury Trial Requested**
                                       :
                            Defendants.:
                                       :
– – – – – – – – – – – – – – – – – – – – –x

Plaintiff Trinitas Regional Medical Center ("Plaintiff"), 225 Williamson Street, Elizabeth, New Jersey 07202, through its attorneys, brings this Complaint against Defendants Trinitas Pharmacy LLC ("Defendant TP"), 105 Broad Street, Elizabeth, New Jersey 07201, and

1

105 Properties LLC ("Defendant Properties"), 694 Main Avenue, 2nd Floor, Passaic, New Jersey 07055 (Defendant TP and Defendant Properties, collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law and in equity to remedy acts of, *inter alia*, (1) false designation of origin and unfair competition under 15 U.S.C. § 1125(a); (2) unfair competition under N.J.S.A. §§ 56:4-1, 56:4-2; and (3) unfair competition under the common law of New Jersey.

2. Plaintiff is the owner of the inherently distinctive, well-known marks TRINITAS REGIONAL MEDICAL CENTER and TRINITAS in connection with medical, healthcare and related services (collectively, "the TRINITAS Mark").

3. Upon information and belief, Defendant TP, with full knowledge of the fame of the TRINITAS Mark and, upon information and belief, in a deliberate attempt to trade off such fame, recently formed a limited liability company using the confusingly similar name, Trinitas Pharmacy LLC, and opened and/or is imminently about to open a pharmacy near Plaintiff's medical campuses using the confusingly similar mark, TRINITAS PHARMACY (the "Infringing Mark").

4. In particular, Defendant TP installed building-mounted signage bearing the Infringing Mark at the store front located at 105 Broad Street, Elizabeth, NJ 07201 (the "Store Front"). In addition to the building mounted signage, there is a large sign on the window indicating that TRINITAS PHARMACY is "NOW OPEN." A smaller sign covering the words "NOW OPEN" says "coming soon." (*See* Exhibit A).

5. In flagrant disregard of Plaintiff's rights, Defendant Properties, the landlord of the Store Front, has continued to allow Defendant TP to use the Infringing Mark after being put

on notice of Plaintiff's rights in the TRINITAS Mark and its objection to Defendant TP's use of the Infringing Mark by Plaintiff's counsel.

## THE PARTIES AND JURISDICTION

6.      Plaintiff is a New Jersey non-profit corporation having an office and place of business at 225 Williamson Street, Elizabeth, New Jersey 07202.

7.      Upon information and belief, Defendant TP is a New Jersey limited liability company having a place of business at 105 Broad St., Elizabeth, NJ 07201.

8.      Upon information and belief, Defendant Properties is a New Jersey limited liability company having a place of business at 694 Main Avenue, 2nd Floor, Passaic, NJ 07055.

9.      Defendants are transacting and doing business within this judicial district, are committing the acts complained of herein within this judicial district, and are subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

10.     This court has original jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338, 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## PLAINTIFF'S WELL-KNOWN MARK

12.     Plaintiff is the owner of all right, title and interest in the TRINITAS Mark.

13.     The TRINITAS Mark is in full force and effect and has never been abandoned.

14.     Plaintiff's TRINITAS REGIONAL MEDICAL CENTER health system includes two major campuses in Elizabeth, New Jersey, and three pharmacies.

15.     Plaintiff annually services over 17,000 inpatients, 70,000 emergency patients, and several hundred thousand outpatients.

16. Plaintiff has used the TRINITAS Mark for almost twenty years, since at least as early as 2000. During that time, the TRINITAS Mark has been extensively promoted, and received significant positive press and attention from the trade and public, denoting medical, healthcare, pharmacy and related services of excellent quality and value. The TRINITAS Mark is well known to consumers, has achieved secondary meaning, and is a business asset of immense value to Plaintiff.

17. Plaintiff owns U.S. Application Serial No. 88/312,179 for TRINITAS REGIONAL MEDICAL CENTER for medical and healthcare services. A status copy of the Application is annexed hereto as Exhibit B.

18. If this litigation is still pending when Plaintiff's Application matures into a Registration, Plaintiff will seek to amend the Complaint to add a claim for trademark infringement under the Lanham Act.

**DEFENDANT TP'S INFRINGING ACTIVITIES**

19. Long after Plaintiff's adoption and use of the inherently distinctive TRINITAS Mark, and long after the TRINITAS Mark achieved widespread commercial recognition, on or about February 14, 2019, Plaintiff learned of Defendant TP's use of the Infringing Mark at the Store Front.

20. Defendant TP's decision to use the Infringing Mark was done without Plaintiff's knowledge, authorization or consent.

21. The TRINITAS Mark and the Infringing Mark are virtually identical, since the Infringing Mark consists of TRINITAS with the descriptive word "pharmacy" tacked on the end.

22. Given the identical nature of Plaintiff's TRINITAS Mark and the Infringing Mark, as well as the fame of Plaintiff's Mark and the fact that Plaintiff provides pharmacy services at its medical campuses, consumers encountering the Infringing Mark are likely to think

4

that the parties' pharmacy services emanate from the same source or that there is an affiliation, license or other relationship between the parties, when there is not.

23. The likelihood of confusion is exacerbated by the fact that both parties provide pharmacy services in Elizabeth, New Jersey and the Store Front is located very near Plaintiff's Elizabeth campuses.

24. Indeed, there has already been at least one instance of actual confusion, which is strong evidence that TP's use of TRINITAS for a pharmacy infringes Plaintiff's TRINITAS Mark. In particular, or about February 19, 2019, counsel for Plaintiff sent a notice letter to Defendant TP at the Store Front via FedEx objecting to Defendant TP's use of the Infringing Mark based on Plaintiff's rights in the TRINITAS Mark. FedEx was unable to deliver the letter since the pharmacy was closed. FedEx, on its own initiative, sent the letter to Plaintiff. Clearly, FedEx assumed there was a relationship between Plaintiff's TRINITAS healthcare facility and Defendant TP's TRINITAS pharmacy, when in fact, there is not.

25. Due to Plaintiff's longstanding use of the TRINITAS Mark, the fame of the Mark, and the overlapping and identical nature of the parties' respective services, upon information and belief, Defendant TP's acts alleged herein have been willful.

**DEFENDANTS IGNORED PLAINTIFF'S NOTICE LETTERS**

26. After Plaintiff's counsel learned that FedEx was unable to deliver the notice letter to Defendant TP, on or about February 20, 2019, Plaintiff's counsel sent a notice letter to Defendant TP's registered agent, Daniel George, objecting to Defendant TP's use of the Infringing Mark based on Plaintiff's rights in the TRINITAS Mark. Neither Defendant TP nor Mr. George responded.

27. On or about on or about April 4, 2019, Plaintiff's counsel sent a notice letter to Defendant Properties, advising it of Plaintiff's objection to Defendant TP's use of the Infringing

Mark based on Plaintiff's rights in the TRINITAS Mark, and further advising Defendant Properties that, as the landlord of the Store Front, it can be liable for contributory infringement under Section 43(a) of the Trademark Act of 1946 (15 U.S.C. § 1125(a)) if it continues to allow Defendant TP to use the Infringing Mark on the Store Front after being put on notice of Plaintiff's objection.  Defendant TP, through its registered agent, Daniel George, was copied on the letter.  Neither of the Defendants (or Mr. George) responded to the letter.

28. Defendants, in blatant and willful violation of Plaintiff's rights, refused to cease the infringing activity in response to Plaintiff's notice letters, necessitating this lawsuit.

## COUNT I

## UNFAIR COMPETITION UNDER THE LANHAM ACT

29. This Count arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq.*, particularly under U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin and false descriptions and representations.

30. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

31. Defendant TP's blatant and willful use of the Infringing Mark is likely to create confusion and to deceive consumers as to the source of origin, sponsorship and/or authorization of Defendant TP's pharmacy services.

32. As more fully set forth above, the TRINITAS Mark is well known and has become indicative of the high quality medical, healthcare, pharmacy and related services provided by Plaintiff.  As a result, the purchasing public and others in the medical, healthcare, and pharmacy field are likely to mistakenly attribute to Plaintiff the use by Defendant TP of the Infringing Mark as a source of origin, authorization, affiliation, and/or sponsorship for Defendant

TP's pharmacy services and, therefore, to utilize Defendant TP's services in that erroneous belief.

33. Defendant TP's adoption and continued use of a mark confusingly similar to that of Plaintiff as hereinabove alleged, constitutes a use in interstate commerce and a false designation of origin or false and misleading description or representation of services in commerce, which is likely to cause confusion, mistake and deception, and in commercial advertising and promotion, misrepresents the nature, characteristics, qualities and origin of Defendant TP's pharmacy services, within the meaning and in violation of 15 U.S.C. § 1125(a).

34. Defendant TP has used in connection with the promoting, offering for sale and/or selling of pharmacy services, false designations of origin and false descriptions and representations, including words or other symbols, which tend to falsely describe or represent such services and has caused such services to be promoted, offered for sale and/or sold in commerce and, upon information and belief, such use has been with full knowledge or willful blindness of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff. In particular, the use of the Infringing Mark by Defendant TP constitutes the use of false descriptions and representations tending to falsely describe the pharmacy services advertised and provided by Defendant TP.

35. Defendant Properties, as the landlord of the Store Front, is supplying the means for Defendant TP to engage in the infringing activities described above.

36. Defendant Properties has had knowledge that such activities were infringing since at least as early as the date Plaintiff's notice letter was delivered to Defendant Properties, i.e., April 5, 2019.

37. Defendant Properties, as the landlord of the Store Front, could have required Defendant TP to discontinue all use of the Infringing Mark

38. Notwithstanding the aforementioned notice of Defendant TP's infringing activity, and Defendant Properties' ability to force Defendant TP to cease such infringing activity, Defendant Properties has deliberately and willfully continued to contribute to Defendant TP's infringing conduct by not requiring Defendant TP to cease such infringing activity, and will instead profit from Defendant TP's rental of the Store Front using the Infringing Mark.

39. Based on all of the foregoing, Defendant Properties is liable for contributory infringement under this Count.

40. The continuing blatant and willful violations by Defendants referenced above are causing and, unless enjoined, will continue to cause irreparable harm and damage to Plaintiff and its business, reputation and goodwill and has and will cause Plaintiff to suffer monetary damages in an amount that has yet to be determined.

41. Unless restrained and enjoined, Defendants' continuing blatant and willful acts of infringement will cause Plaintiff irreparable harm and damage for which there is no adequate remedy at law.

## COUNT II

### UNFAIR COMPETITION UNDER N.J.S.A. §§ 56:4-1, 56:4-2

42. This is a claim under New Jersey's Unfair Competition Law, N.J.S.A. §§ 56:4-1, 56:4-2 and is joined with substantial and related claims under the Lanham Act.

43. Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully set forth herein.

44. As more fully set forth above, the TRINITAS Mark is inherently distinctive, has been used by Plaintiff for almost twenty years, and is well known to consumers. It is indicative of origin, relationship, sponsorship, and/or association with Plaintiff.

45.     As a result of Defendant TP's use of the Infringing Mark, consumers and other members of the public are likely to believe erroneously that Defendant TP's pharmacy bearing the Infringing Mark originates from Plaintiff or that it is sponsored or endorsed by or affiliated with Plaintiff when such is not the case.

46.     Upon information and belief, Defendant TP has appropriated the TRINITAS Mark with the intent of causing confusion, mistake, and deception as to the source of Defendant TP's pharmacy bearing the Infringing Mark, and, as such, Defendant TP has committed unfair competition under N.J.S.A. §§ 56:4-1, 56:4-2.

47.     Defendant Properties has deliberately and willfully continued to contribute to Defendant's infringing conduct by not requiring Defendant TP to cease such infringing activity after being put on notice of the same by Plaintiff, and has and will instead profit from Defendant TP's rental of the Store Front using the Infringing Mark.

48.     Based on all of the foregoing, Defendant Properties is liable for contributory infringement under this Count.

49.     The continuing blatant and willful violations by Defendants referenced above are causing and, unless enjoined, will continue to cause irreparable harm and damage to Plaintiff and its business, reputation and goodwill and has and will cause Plaintiff to suffer monetary damages in an amount that has yet to be determined.

50.     Unless restrained and enjoined, Defendants' continuing blatant and willful acts of infringement will cause Plaintiff irreparable harm and damage for which there is no adequate remedy at law.

## COUNT III

## UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

51. Plaintiff repeats and realleges the allegations contained in the proceeding paragraphs as if fully set forth herein.

52. As more fully set forth above, the TRINITAS Mark is inherently distinctive, has been used by Plaintiff for almost twenty years, and is well known to consumers. It is indicative of origin, relationship, sponsorship, and/or association with Plaintiff.

53. As a result of Defendant TP's use of the Infringing Mark, consumers and other members of the public are likely to believe erroneously that Defendant TP's pharmacy services provided and offered under the Infringing Mark originate from Plaintiff, or that such services are sponsored or endorsed by Plaintiff, or that Defendants are affiliated with Plaintiff when they are not.

54. Upon information and belief, Defendant TP has appropriated the TRINITAS Mark with the intent of causing confusion, mistake, and deception as to the source of Defendant's pharmacy services offered and rendered under the Infringing Mark, and, as such, Defendant TP has committed unfair competition under the common law of the State of New Jersey.

55. Defendant Properties has deliberately and willfully continued to contribute to Defendant TP's infringing conduct by not requiring Defendant TP to cease such infringing activity after being put on notice of the same by Plaintiff, and will instead profit from Defendant TP's rental of the Store Front using the Infringing Mark.

56. Based on all of the foregoing, Defendant Properties is liable for contributory infringement under this Count.

57. The continuing blatant and willful violations by Defendants referenced above are causing and, unless enjoined, will continue to cause irreparable harm and damage to Plaintiff and its business, reputation and goodwill and has and will cause Plaintiff to suffer monetary damages in an amount that has yet to be determined.

58. Unless restrained and enjoined, Defendants' continuing blatant and willful acts of infringement will cause Plaintiff irreparable harm and damage for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. That a preliminary and permanent injunction be issued enjoining Defendants and their agents, servants, employees and attorneys and those persons in active concert or participation with them:

    i. from providing or promoting any goods or services under the Infringing Mark or from otherwise using the Infringing Mark or any other mark or name which contains the TRINITAS element or is confusingly similar to the TRINITAS Mark, including, without limitation, as a trademark, service mark, corporate name, trade name, assumed name, domain name or social media handle;

    ii. from unfairly competing with Plaintiff;

    iii. from using in connection with the sale of any goods or services, a false or misleading description or representation including words or other symbols tending to deceive; and

    iv. with respect to Defendant Properties, from renting or leasing the Store Front or any other property to Defendant TP or any third party for use with

the Infringing Mark, or any other mark which is confusingly similar to the TRINITAS Mark.

B. That Defendants be required to pay such actual damages as Plaintiff has sustained in consequence of the acts of Defendants complained of herein, and that any such monetary award be enhanced up to three times pursuant to the provisions of 15 U.S.C. § 1117.

C. That Defendants be required to account to Plaintiff for all profits resulting from Defendants' infringing activities and that such award of profits to Plaintiff be increased by the Court as provided for under 15 U.S.C. § 1117.

D. That the Court find this case to be exceptional and award reasonable attorneys' fees to Plaintiff.

E. That Plaintiff have a recovery from Defendants of the costs of this action pursuant to 15 U.S.C. § 1117.

F. That Defendants be required to pay to Plaintiff punitive damages in connection with Plaintiff's common law unfair competition claim.

G. That Defendant TP be required to file all necessary paperwork, including without limitation, with the Secretary of State of New Jersey, to change its name to one that does not consist of or incorporate the TRINITAS Mark.

H. That Defendant TP be ordered to deliver up to Plaintiff for destruction all signs, advertisements, promotional materials and other written or printed material in its possession, custody or control which bear the Infringing Mark, alone or in combination with any other words, marks or other elements.

I. That Defendant TP be required to assign to Plaintiff all domain names and social media handles which incorporate the TRINITAS element.

J.  That Defendant TP be required to advise all relevant third parties, including without limitation, all relevant trade directories, that it no longer operates under the Infringing Mark.

K.  That Plaintiff have all other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues triable by a jury.

Dated: May 21, 2019

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

By: */s/ Barry M. Benjamin*
    Barry M. Benjamin (Attorney ID: 044001993)
    bbenjamin@kilpatricktownsend.com

**AMSTER, ROTHSTEIN & EBENSTEIN LLP**

Douglas A. Miro (*pro hac vice application forthcoming*)
Holly Pekowsky (*pro hac vice application forthcoming*)

*Attorneys for Plaintiff Trinitas Regional Medical Center, a New Jersey non-profit corporation*



**Exhibit A**

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Thu Apr 25 03:48:26 EDT 2019*

[TESS Home] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP]

[Logout]  Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

[TSDR] [ASSIGN Status] [TTAB Status]  *( Use the "Back" button of the Internet Browser to return to TESS)*

## TRINITAS REGIONAL MEDICAL CENTER

| | |
|---|---|
| **Word Mark** | TRINITAS REGIONAL MEDICAL CENTER |
| **Goods and Services** | IC 044. US 100 101. G & S: medical and healthcare services. FIRST USE: 20000100. FIRST USE IN COMMERCE: 20000100 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 88312179 |
| **Filing Date** | February 22, 2019 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Trinitas Regional Medical Center non-profit corporation NEW JERSEY 225 Williamson Street Elizabeth NEW JERSEY 07202 |
| **Attorney of Record** | Douglas A. Miro, Esq. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

[TESS Home] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [TOP] [HELP]

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

http://tmsearch.uspto.gov/bin/showfield?    **Exhibit B**    a.2.1    4/25/2019